# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UZMA MALIK, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | NO. 3:19-cv-01547 |
| | : | |
| WYOMING VALLEY MEDICAL | : | JUDGE WILSON |
| CENTER, P.C., GEISINGER | : | |
| HEALTH SYSTEM, ANAND | : | ELECTRONICALLY FILED |
| MAHADEVAN AND MICHAEL | : | |
| GREENBERG, | : | |
| | : | |
| **Defendants.** | : | |

## DEFENDANT MICHAEL GREENBERG, M.D.'S ANSWER AND AFFIRMATIVE DEFENSES IN RESPONSE TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendant Michael Greenberg, M.D., by and through his undersigned counsel, states the following as his Answer and Affirmative Defenses in response to Plaintiff Uzma Malik, M.D.'s Third Amended Complaint in the above-captioned matter:

## INTRODUCTION

1.     Denied.  The allegations in Paragraph 1 constitute conclusions of law to which no responsive pleading is required and are denied.

## JURISDICTION AND VENUE

2.     Denied.  The allegations in Paragraph 2 constitute conclusions of law to which no responsive pleading is required and are denied.

3.     Denied.  The allegations in Paragraph 3 constitute conclusions of law to which no responsive pleading is required and are denied.

4.     Denied.  The allegations in Paragraph 4 constitute conclusions of law to which no responsive pleading is required and are denied.

5.     Denied.  After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 concerning charges purportedly filed with the U.S. Equal Employment Opportunity Commission and/or Pennsylvania Human Relations Commission and the allegations in Paragraph 5 concerning administrative filings are denied.  The remaining allegations in Paragraph 5 constitute conclusions of law to which no responsive pleading is required and are denied.

## PARTIES

6.     Paragraphs 1 through 5 of this Answer are incorporated by reference as if set forth fully herein.

7.    Admitted in part and denied in part.  It is admitted only that Dr. Malik is an adult individual.  Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 concerning Dr. Malik's current address and the allegations are denied.

8.    Admitted in part and denied in part.  It is admitted only that Geisinger Wyoming Valley Medical Center operates a community hospital in Wilkes-Barre, Pennsylvania.  The remaining allegations in Paragraph 8 are denied.

9.    Denied.  After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations in Paragraph 9 and the allegations are denied.

10.   Denied as stated.  It is admitted only that Dr. Greenberg is a medical doctor specializing in radiation oncology, that he was previously employed by Geisinger Clinic and that his most recent position was Northeast Regional Radiation Oncology Director.  The remaining allegations in Paragraph 10 are denied.

11.   Denied as stated.  It is admitted only that Defendant Anand Mahadevan, M.D. had supervisory responsibility over the radiation and oncology department.  The remaining allegations in Paragraph 11 are denied.

12.     Denied.  After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 concerning the specific responsibilities of and relationships between the corporate defendants and the allegations are denied. Further, the allegations in Paragraph 12 constitute conclusions of law to which no responsive pleading is required.

13.     Denied.  After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and the allegations are denied.

14.     Denied.  The allegations in Paragraph 14 constitute conclusions of law to which no responsive pleading is required and are denied.

## ALLEGATIONS CONCERNING FACTUAL BACKGROUND

15.     Paragraphs 1 through 14 of this Answer are incorporated by reference as if set forth fully herein.

16.     Admitted in part and denied in part.  It is admitted only that Dr. Malik is a female doctor specializing in radiation oncology.  Dr. Greenberg denies the remaining allegations in Paragraph 16 and further states that he lacks

knowledge or information sufficient to form a belief as to the truth of specific details concerning Dr. Malik's training and experience or her current practice.

17.     Denied.  After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 concerning Dr. Malik's employment history and the allegations are denied.

18.     Denied.  It is not clear what is meant by the allegation in Paragraph 18 that Dr. Malik "was considered to work within Defendants' Cancer Institute" and the allegations are denied.

19.     Admitted in part and denied in part.  It is admitted only that Dr. Mahadevan served as the head of the radiation oncology department at certain times during Dr. Greenberg's employment.  The remaining allegations in Paragraph 19 are denied.

20.     Denied.  After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 concerning Dr. Malik's medical history and the allegations are denied.  By way of further response, the allegations in Paragraph 20 concerning purported disabilities constitute conclusions of law to which no responsive pleading is required.

21.     Denied.  After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and the allegations are denied.  By way of further response, the allegations in Paragraph 21 concerning purported disabilities constitute conclusions of law to which no responsive pleading is required.

22.     Admitted in part and denied in part.  It is admitted only that Dr. Malik took a leave of absence in early 2018.  Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and the allegations are denied.

23.     Denied.  The allegations in Paragraph 23 constitute conclusions of law to which no responsive pleading is required and are denied.

24.     Denied.  After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and the allegations are denied.

25.     Denied.  After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and the allegations are denied.

26.     Denied.  After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and the allegations are denied.

27.     Denied.  After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and the allegations are denied.

28.     Denied.  After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and the allegations are denied.

29.     Admitted in part and denied in part.  It is admitted only that Dr. Greenberg applied for and was appointed to fill the new position of Northeast Regional Radiation Oncology Director in or around July 2018.  Dr. Greenberg denies the remaining allegations in Paragraph 29 and further states that he was not involved in the decision to eliminate the director position.

30.     Admitted in part and denied in part.  It is admitted only that Dr. Malik worked as a physician in the radiation oncology department.  Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Dr. Malik's rate of pay or earning potential and those allegations are denied.  Dr. Greenberg denies the remaining allegations

in Paragraph 30 and further states that the allegations constitute conclusions of law to which no responsive pleading is required.

31.    Denied.  Dr. Greenberg denies the allegations in Paragraph 31 and further states that the allegations constitute conclusions of law to which no responsive pleading is required.  By way of further response, Dr. Greenberg was not involved in the decision to eliminate the director position.

32.    Denied.  After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 concerning the handling of any specific requests by Dr. Malik for accommodations and the allegations are denied.  By way of further response, the allegations in Paragraph 32 concerning accommodations constitute conclusions of law to which no responsive pleading is required.

33.    Denied.  After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 concerning the handling of any specific requests by Dr. Malik for accommodations and the allegations are denied.  By way of further response, the allegations in Paragraph 33 concerning accommodations constitute conclusions of law to which no responsive pleading is required.

34.     Denied.  After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 concerning the handling of any specific requests by Dr. Malik for accommodations and the allegations are denied.  The allegations in Paragraph 34 concerning the reasonableness of any alleged accommodation constitute conclusions of law to which no responsive pleading is required.

35.     Denied.  Dr. Greenberg denies the allegations in Paragraph 35 and further states that the allegations constitute conclusions of law to which no responsive pleading is required.

36.     Denied.  Dr. Greenberg denies the allegations in Paragraph 36 and further states that the allegations constitute conclusions of law to which no responsive pleading is required.

37.     Denied.  Dr. Greenberg denies the allegations in Paragraph 37 and further states that the allegations constitute conclusions of law to which no responsive pleading is required.

38.     Denied.  Dr. Greenberg denies the allegations in Paragraph 38 and further states that the allegations constitute conclusions of law to which no responsive pleading is required.

39.     Denied.  Dr. Greenberg denies the allegations in Paragraph 39 and further states that the allegations constitute conclusions of law to which no responsive pleading is required.

40.     Denied.  After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 concerning termination of Dr. Malik's employment and the allegations are denied.  The remaining allegations in Paragraph 40 constitute conclusions of law to which no responsive pleading is required.

41.     Denied.  After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to when Dr. Malik learned that she was the subject of a report submitted to the Commonwealth of Pennsylvania, Bureau of Professional and Occupational Affairs and the allegations are denied.

42.     Denied.  Dr. Greenberg denies the allegations in Paragraph 42.

43.     Denied.  After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 concerning Dr. Malik's reaction to the report to the licensing board and the allegations are denied.  Dr. Greenberg denies that any report contained any false allegation.  The remaining allegations in Paragraph 43

concerning purported harm constitute conclusions of law to which no responsive pleading is required and are denied.

44.     Admitted in part and denied in part.  It is admitted only that Dr. Malik was evaluated.  Dr. Greenberg denies the remaining allegations in Paragraph 44 and further states that the allegations constitute conclusions of law to which no responsive pleading is required.

45.     Denied.  After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and the allegations are denied.  By way of further response, the letter referenced in Paragraph 45 speaks for itself and Dr. Malik's characterization thereof is denied.

46.     Denied.  After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and the allegations are denied.  By way of further response, the letter referenced in Paragraph 46 speaks for itself and Dr. Malik's characterization thereof is denied.

47.     Denied.  After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and the allegations are denied.  By way of further

response, the allegations concerning the mandatory nature of any evaluation constitute conclusions of law to which no responsive pleading is required.

48.     Denied.  After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and the allegations are denied.

49.     Denied.  After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and the allegations are denied.

50.     Denied.  After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and the allegations are denied.

51.     Denied.  After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and the allegations are denied.  By way of further response, Dr. Greenberg was no longer employed by Geisinger Clinic when Dr. Malik alleges that she returned to work following the evaluation.

52.     Denied.  After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 52 and the allegations are denied. By way of further response, the allegations in Paragraph 52 concerning the effect of any evaluations constitute conclusions of law to which no responsive pleading is required.

53. Denied. After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 concerning Dr. Malik's treatment at the Caron Foundation and the allegations are denied. Dr. Greenberg denies the remaining allegations in Paragraph 53 and further states that the allegations constitute conclusions of law to which no responsive pleading is required.

54. Denied. Dr. Greenberg denies the allegations in Paragraph 54 and further states that the allegations constitute conclusions of law to which no responsive pleading is required.

55. Denied. Dr. Greenberg denies the allegations in Paragraph 55 and further states that the allegation that the referral was baseless constitutes a conclusion of law to which no responsive pleading is required.

56. Denied. Dr. Greenberg denies the allegations in Paragraph 56 and further states that the allegations constitute conclusions of law to which no responsive pleading is required.

57.     Denied. Dr. Greenberg denies the allegations in Paragraph 57 and further states that the allegations constitute conclusions of law to which no responsive pleading is required.

58.     Denied. After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 concerning when Dr. Malik learned that she was being investigated by the Commonwealth of Pennsylvania, Office of Attorney General or the details of that investigation. The remaining allegations in Paragraph 58 are denied.

59.     Denied. After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 concerning when Dr. Malik learned that the investigation by the Office of Attorney General was complete or the findings of that investigation. The remaining allegations in Paragraph 59 are denied.

60.     Denied. Dr. Greenberg denies the allegations in Paragraph 60 and further states that the allegations constitute conclusions of law to which no responsive pleading is required.

61. Denied. After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and the allegations are denied.

62. Denied. After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and the allegations are denied.

63. Denied. After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and the allegations are denied.

64. Denied. After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and the allegations are denied.

65. Denied. After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 concerning the circumstances surrounding Dr. Malik's suspension and termination and the allegations are denied. The allegations in Paragraph 65 concerning the lawfulness of actions affecting Dr. Malik's employment constitute conclusions of law to which no responsive pleading is required.

66. Denied. After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 concerning the circumstances surrounding Dr. Malik's suspension and termination and the allegations are denied. The allegations in Paragraph 66 concerning the lawfulness of actions affecting Dr. Malik's employment constitute conclusions of law to which no responsive pleading is required.

67. Denied. After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and the allegations are denied.

68. Denied. After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 concerning Dr. Malik's correspondence and the allegations are denied. By way of further response, the allegations in Paragraph 68 concerning alleged retaliation and/or discrimination constitute conclusions of law to which no responsive pleading is required.

69. Denied. After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and the allegations are denied.

70.    Denied.  After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and the allegations are denied.

71.    Denied.  After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and the allegations are denied.  Further, the allegations in Paragraph 71 concerning the lawfulness of actions affecting Dr. Malik's employment constitute conclusions of law to which no responsive pleading is required.

72.    Denied.  The allegations in Paragraph 72 constitute conclusions of law to which no responsive pleading is required and are denied.

**Count I**
**Americans With Disabilities Act-**
**Against Wyoming Valley Medical Center, P.C. and Geisinger Health System**

73-77.    Count I is not directed at Dr. Greenberg and therefore no response from Dr. Greenberg is required.

## Count II
## Family and Medical Leave Act-
## Against All Defendants

78.     Paragraphs 1 through 77 of this Answer are incorporated by reference as if set forth fully herein.

79.     Denied.  The allegations in Paragraph 79 constitute conclusions of law to which no responsive pleading is required and are denied.

80.     Admitted in part and denied in part.  It is admitted only that Dr. Malik took a leave of absence.  Dr. Greenberg denies the remaining allegations in Paragraph 80 and further states that the allegations constitute conclusions of law to which no responsive pleading is required.

81.     Denied.  After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and the allegations are denied.

82.     Denied.  Dr. Greenberg denies the allegations in Paragraph 82 and further states that the allegations constitute conclusions of law to which no responsive pleading is required.

83.     Denied.  The allegations in Paragraph 83 constitute conclusions of law to which no responsive pleading is required.

84.     Denied.  Dr. Greenberg denies the allegations in Paragraph 84 and further states that the allegations constitute conclusions of law to which no responsive pleading is required.

85.     Denied.  Dr. Greenberg denies the allegations in Paragraph 85 and further states that the allegations constitute conclusions of law to which no responsive pleading is required.

86.     Denied.  Dr. Greenberg denies the allegations in Paragraph 86 and further states that the allegations constitute conclusions of law to which no responsive pleading is required.

## Count III
## Equal Pay Act & Title VII of Civil Rights Act of 1964-
## Against All Defendants (with exception of Title VII claim)

87.     Paragraphs 1 through 86 of this Answer are incorporated by reference as if set forth fully herein.

88.     Denied.  After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 concerning Dr. Malik's pay history and the allegations are denied.  The remaining allegations in Paragraph 88 concerning

alleged disparate treatment constitute conclusions of law to which no responsive pleading is required.

89.    Denied.  After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 concerning Dr. Malik's pay history and the allegations are denied.  The remaining allegations in Paragraph 89 concerning alleged disparate treatment constitute conclusions of law to which no responsive pleading is required.

90.    Denied.  After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 concerning Dr. Malik's pay history and the allegations are denied.  The remaining allegations in Paragraph 90 concerning alleged discrimination in compensation constitute conclusions of law to which no responsive pleading is required.

91.    Denied.  After reasonable investigation, Dr. Greenberg lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 concerning specific complaints advanced by Dr. Malik and the allegations are denied.  The remaining allegations in Paragraph 91

concerning alleged gender-based pay disparities constitute conclusions of law to which no responsive pleading is required.

92. Denied. Dr. Greenberg denies the allegations in Paragraph 92 and further states that the allegations constitute conclusions of law to which no responsive pleading is required.

93. Denied. The allegations in Paragraph 93 constitute conclusions of law to which no responsive pleading is required and are denied.

94. Denied. The allegations in Paragraph 94 constitute conclusions of law to which no responsive pleading is required and are denied.

95. Denied. The allegations in Paragraph 95 constitute conclusions of law to which no responsive pleading is required and are denied.

## Count IV
### Negligent Supervision/Retention-
### Against Wyoming Valley Medical Center, P.C. and Geisinger Health System

96-99. Count IV is not directed at Dr. Greenberg and therefore no response from Dr. Greenberg is required.

## Count V
## Defamation-
## Against Wyoming Valley Medical Center, P.C. and Geisinger Health System

100-105.   Count V is not directed at Dr. Greenberg and therefore no response from Dr. Greenberg is required.

## Count VI
## Post-Employment Retaliation-
## Against Wyoming Valley Medical Center, P.C. and Geisinger Health System

106-113.   Count VI is not directed at Dr. Greenberg and therefore no response from Dr. Greenberg is required.

## Count VII
## Pennsylvania Human Relations Act-
## Against All Defendants

114.   Paragraphs 1 through 113 of this Answer are incorporated by reference as if set forth fully herein.

115.   Denied.  Dr. Greenberg denies the allegations in Paragraph 115 and further states that the allegations constitute conclusions of law to which no responsive pleading is required.  By way of further response, Dr. Greenberg incorporates Paragraphs 1 through 113 of this Answer.

116. Denied. Dr. Greenberg denies the allegations in Paragraph 116 and further states that the allegations constitute conclusions of law to which no responsive pleading is required.

117. Denied. The allegations in Paragraph 117 constitute conclusions of law to which no responsive pleading is required.

WHEREFORE Dr. Greenberg denies that Dr. Malik is entitled to any relief whatsoever and demands judgment in his favor against Dr. Malik together with reimbursement of his attorneys' fees and such other and further relief as this Court may deem appropriate under the circumstances.

## AFFIRMATIVE DEFENSES

In further response to the Third Amended Complaint, Dr. Greenberg states the following affirmative defenses:

## FIRST DEFENSE

The Third Amended Complaint fails to state, in whole or in part, any claim upon which relief may be granted.

## SECOND DEFENSE

Dr. Malik's claims are barred and/or limited because she has failed to exhaust required administrative prerequisites prior to filing suit.

## THIRD DEFENSE

Some or all of the claims that may be stated in the Third Amended Complaint are barred by the applicable statutes of limitation.

## FOURTH DEFENSE

Dr. Malik fails to state a *prima facie* claim for relief under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, the Equal Pay Act, 29 U.S.C. § 206(d), or the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.*, and cannot establish a right to relief under any of these statutes.

## FIFTH DEFENSE

Dr. Greenberg did not exercise supervisory authority over Dr. Malik or participate in decisions or actions which allegedly deprived Dr. Malik of rights or benefits under any statute and as a result there is no basis for imposition of individual liability under the standard in *Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 417 (3d Cir. 2012).

## SIXTH DEFENSE

Dr. Greenberg did not deny Dr. Malik any benefit to which she was entitled under the FMLA and did not interfere with any request or entitlement to any benefit under the FMLA.

## SEVENTH DEFENSE

Dr. Malik did not suffer any adverse employment action or any other cognizable harm as a result of any act or decision involving Dr. Greenberg.

## EIGHTH DEFENSE

Some or all of the claims that may be stated in the Third Amended Complaint are barred by the doctrines of waiver, estoppel, laches and/or unclean hands.

## NINTH DEFENSE

Any claim that may be stated in the Third Amended Complaint is barred by Dr. Malik's own acts and/or omissions and/or by the manner in which she acted and/or failed to act.

## TENTH DEFENSE

At no time did Dr. Greenberg engage in any conduct which was intended to, or did in fact, deprive Dr. Malik of any right under any federal or state law.

## ELEVENTH DEFENSE

Dr. Malik did not engage in protected conduct and/or Dr. Greenberg was not aware of alleged protected conduct and/or did not take action based on any alleged protected conduct.

## TWELFTH DEFENSE

Dr. Malik has not alleged and cannot demonstrate facts which warrant recovery of compensatory damages, economic damages, consequential damages, emotional distress damages, punitive damages, exemplary damages, liquidated damages or any other damages on any claim that may be asserted in the Third Amended Complaint.

## THIRTEENTH DEFENSE

All actions taken by Dr. Greenberg were proper, lawful, correct and in full accordance with all applicable statutes, rules, regulations, customs and laws, including federal and state fair employment laws.

### FOURTEENTH DEFENSE

Dr. Malik failed to properly mitigate any alleged damages.

### FIFTEENTH DEFENSE

Dr. Malik's claims are barred and/or reduced by the provisions of the FMLA, Equal Pay Act and/or PHRA.

### SIXTEENTH DEFENSE

Dr. Malik has failed to state a claim against Dr. Greenberg for back or front pay.

### SEVENTEENTH DEFENSE

Dr. Malik is not entitled to punitive damages or a jury trial on any claim that may be stated under the PHRA.

### EIGHTEENTH DEFENSE

At all times relevant hereto, the actions of Dr. Greenberg were justified under the circumstances and Dr. Greenberg acted in a manner which was proper, reasonable, lawful and in good faith and Dr. Greenberg had reasonable grounds for all actions taken with respect to Dr. Malik and therefore no relief is available to Dr. Malik under any statute.

## NINETEENTH DEFENSE

Dr. Malik failed to allege and cannot establish any basis for recovery of any damages from Dr. Greenberg.

## TWENTIETH DEFENSE

Dr. Malik fails to allege any facts and cannot adduce any evidence establishing a basis for imposition of individual liability under the PHRA.

## TWENTY-FIRST DEFENSE

Dr. Malik cannot establish that the legitimate reasons for actions by Dr. Greenberg were pretext for discrimination or retaliation.

## TWENTY-SECOND DEFENSE

An absolute privilege attaches to reports by physicians to state licensing authorities under 63 P.S. § 422.4(f).

## TWENTY-THIRD DEFENSE

Dr. Greenberg left Geisinger Clinic in April 2019 and had no involvement in any decision relating to Dr. Malik's separation from employment in July 2019.

## TWENTY-FOURTH DEFENSE

Dr. Greenberg was not involved in any decision affecting Dr. Malik's pay or benefits, any request by Dr. Malik to use FMLA leave or any request by Dr. Malik for accommodation.

## TWENTY-FIFTH DEFENSE

Dr. Malik fails to state a claim of employment discrimination because all decisions made with respect to her employment were based upon reasonable, legitimate and nondiscriminatory factors and were not based on any protected category or activity and were not in any way pretextual.

## TWENTY-SIXTH DEFENSE

Dr. Malik was not denied any benefit owed under the FMLA and was not subject to retaliation in violation of the FMLA, Equal Pay Act or PHRA.

## TWENTY-SEVENTH DEFENSE

Dr. Greenberg did not engage in any unlawful and/or discriminatory practice or practices.

## TWENTY-EIGHTH DEFENSE

Dr. Malik's claims are without foundation and Dr. Greenberg is therefore entitled to reimbursement of his counsel fees.

## TWENTY-NINTH DEFENSE

Dr. Greenberg reserves the right to supplement these affirmative defenses and to assert additional defenses based on discovery or otherwise.

WHEREFORE, Dr. Greenberg demands judgment in his favor against Dr. Malik together with reimbursement of his attorneys' fees and such other and further relief as this Court may deem appropriate under the circumstances.

Respectfully submitted,

/s/ Donna A. Walsh
Donna A. Walsh
Richard L. Armezzani

Attorneys for Defendant,
Michael Greenberg, M.D.

Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
570-342-6100

Dated: September 9, 2020

## CERTIFICATE OF SERVICE

I , Donna A. Walsh, hereby certify that a true and correct copy of the foregoing Answer and Affirmative Defenses was served upon the following counsel of record via the Court's ECF system on this 9th day of September, 2020:

> Ari R. Karpf, Esquire
> Timothy S. Seiler, Esquire
> Karpf, Karpf & Cerutti, P.C.
> 3331 Street Road, Suite 128
> Two Greenwood Square
> Bensalem, PA 19020
>
> Jill M. Lashay, Esquire
> Sunshine J. Thomas, Esquire
> Buchanan Ingersoll & Rooney PC
> 409 North Second Street, Suite 500
> Harrisburg, PA 17101

> /s/ Donna A. Walsh
> Donna A. Walsh